Filed 7/14/25  P. v. White CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALEX WHITE, et al.,<br><br>　　Defendants and Appellants. | B337073<br><br>(Los Angeles County<br>Super. Ct. No.<br>BA444963) |

APPEALS from orders of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant Alex White.

Barhoma Law and Matthew Barhoma for Defendant and Appellant Darron Williams.

No appearance by Plaintiff and Respondent.

Defendants and appellants Alex White and Barron Williams were charged with murdering Herman Owens (Owens) and Patrick Keaton (Keaton), attempting to murder Brandon Blake (Blake), and shooting from a motor vehicle. The charges were predicated on evidence that, in April 2015, defendants perpetrated a drive-by shooting targeting Owens, Keaton, and Blake; Owens and Keaton were shot and killed but Blake was not injured. Defendants were jointly tried with separate juries and convicted on all counts. The trial court sentenced defendants to life in prison without the possibility of parole (plus additional lengthy prison terms for sentencing enhancements found true). The judgments of conviction were affirmed on direct appeal. (*People v. White* (Jan. 4, 2021, B295147) [nonpub. opn.].)

Defendants later (separately) filed petitions for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95).[1] The trial court appointed counsel for White (Williams had retained private counsel) and the parties filed briefs in advance of a hearing on the petitions. At that hearing, held in February 2024, the trial court found the record of conviction established defendants were ineligible for relief as a matter of law because their juries were instructed on direct aider and abettor liability, not felony murder or criminal liability pursuant to the natural and probable consequences doctrine.

Defendants noticed appeals from the trial court's section 1172.6 ruling, and this court appointed counsel to represent them. After examining the record, both defendants filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th

---

[1] Undesignated statutory references that follow are to the Penal Code.

216 raising no issues and asking us to independently review the record.

Defendant Williams, however, later substituted retained counsel for his appointed attorney, and retained counsel filed an application to strike the *Delgadillo* brief filed by appointed counsel and extend time to permit review of the appellate record and the filing of an opening brief on the merits. This court denied retained counsel's application without prejudice to submission—within 30 days—of a renewed request to strike the *Delgadillo* brief that specified, in detail, the arguable issues retained counsel would raise in a new opening brief. This court further warned that no extensions of this 30-day period were contemplated (because retained counsel was counsel for defendant in the trial court and therefore familiar with the case), and if no "renewed request to strike the previously filed opening brief is made during the 30-day timeframe, the court w[ould] decide the matter pursuant to the procedures outlined in . . . *Delgadillo*."

No renewed request to strike the opening brief and permit the filing of a new opening brief was submitted to this court within the 30-day timeframe. This court had, however, earlier invited defendants to submit supplemental briefs pursuant to *Delgadillo* within 30 days of October 29, 2024. Defendant White personally filed a late supplemental brief on December 2, 2024. Defendant Williams filed an even later supplemental brief (that appears to have been prepared with the assistance of counsel, but is filed in his name personally) on January 10, 2025. Though untimely, we will consider these supplemental submissions. We otherwise decline to undertake an independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th at 232.)

3

Defendant White's two-page supplemental letter brief maintains there was "no substantial evidence to prove [he] knew that the direct perpetrators intended to shoot at the victims." This complaint about the sufficiency of the evidence fails. (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"]; see also *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173 ["'Section 1172.6 does not create a right to a second appeal, . . . and [a defendant] cannot use it to resurrect a claim that should have been raised in his . . . direct appeal'"].)

Defendant Williams's 39-page supplemental brief mostly recites background legal principles and contends, as best we can discern, that reversal is required for two reasons: (1) the information against defendant Williams did not foreclose the prosecution from proceeding on a natural and probable consequences theory of liability and (2) the jury instructions were ambiguous, and would have permitted the jury to find him guilty by imputing malice, because the instructions were not "'tailored for' aiding and abetting an implied malice murder." Defendant Williams's first argument fails because the manner of charging in the information is immaterial; the issues the jury was asked to resolve at trial are defined by the instructions it received. (See, e.g., *People v. Allen* (2023) 97 Cal.App.5th 389, 395 ["A petitioner is ineligible for section 1172.6 relief as a matter of law if, for example, the jury instructions show that jurors were not instructed on any theory of liability affected by Senate Bill 1437's changes to sections 188 and 189"].) Defendant's second argument fails because there is no implied malice issue that might theoretically support an imputed malice concern; we know from

4

the instructions (those given and those not) and the jury's first-degree murder verdict that the jury found defendant Williams had the intent to kill—i.e., that he harbored express malice—and convicted him as a direct aider and abettor.[2]  That means he is ineligible for relief as a matter of law.  (*People v. Gentile* (2020) 10 Cal.5th 830, 848 ["Senate Bill [No.] 1437 does not eliminate direct aiding and abetting liability for murder"]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945-946.)

### DISPOSITION

The orders denying defendants' section 1172.6 petitions are affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

KIM (D.), J.

---

[2]     On our own motion, we judicially notice the record in case number B295147.

5